UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY LARRY DEAN SUTTON,

                Plaintiff,

     v.

GLOUCESTER COUNTY
PROSECUTORS OFFICE, et al.,

                Defendants.

Civ. No. 13-6182 (RBK) (AMD)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

      Plaintiff is an inmate at the Salem County Correctional Facility in Woodstown, New Jersey. He brings this civil rights action *pro se* under 42 U.S.C. § 1983. The Clerk will not file a civil complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. *See* Local Civil R. 5.1(f). The filing fee for a civil complaint is $400.00 ($350.00 if the plaintiff is proceeding *in forma pauperis*). While the Clerk has received the complaint, the complaint has not been filed as Plaintiff has not paid the filing fee nor has Plaintiff been granted *in forma pauperis* status.

      A prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id.*; *see also* Local Civil R. 81.2(b) ("Whenever a Federal, State, or local prisoner submits a civil rights complaint . . . the prisoner

1

shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification."). In this case, while Plaintiff has submitted an affidavit of poverty, the statement of his prison account has not been certified by the appropriate prison official.

Even if a prisoner is granted *in forma pauperis* status, he must pay the full amount of the filing fee. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20 % of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b).

If the Plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

As Plaintiff's *in forma pauperis* application is incomplete because his prison account statement has not been certified by the appropriate prison official, the Clerk will be ordered to administratively close the case. However, Plaintiff shall be given an opportunity reopen this action by either paying the filing fee or submitting a complete *in forma pauperis* application.


DATED: October 22, 2013

                                                                          s/Robert B. Kugler
                                                                          ROBERT B. KUGLER
                                                                          United States District Judge