## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ANTHONY LARRY DEAN SUTTON,    :
   :
     Plaintiff,    :     Civ. No. 13-6182 (RBK) (AMD)
   :
     v.    :     **OPINION**
   :
GLOUCESTER COUNTY PROSECUTORS    :
OFFICE, et al.,    :
   :
     Defendants.    :
   :

## ROBERT B. KUGLER, U.S.D.J.

### I. INTRODUCTION

Plaintiff is a state prisoner currently incarcerated at the Salem County Correctional Facility in Woodstown, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this matter was administratively terminated as plaintiff's application to proceed *in forma pauperis* was incomplete. Subsequently, plaintiff refiled an application to proceed *in forma pauperis*. Therefore, the Clerk will be ordered to reopen this case. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk will be ordered to file the complaint.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed.

1

## II. BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff names three agencies as defendants in this case; specifically: (1) the State of New Jersey Treasury Department; (2) the Gloucester County Public Defenders Office; and (3) the Gloucester County Prosecutors Office.

Plaintiff alleges that the Gloucester County Prosecutors Office maliciously prosecuted him by wrongly charging him of crimes on November 19, 2009. According to plaintiff, he was acquitted of all of the charges on October 14, 2011, and released on December 8, 2011. While plaintiff was incarcerated, he claims that he vigorously advised the prosecutors and public defenders of his innocence. However, he claims that was not given a speedy trial or a bail reduction. Plaintiff requests $1.5 million in monetary damages as relief on his claims.

## III. STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Iqbal*, "a pleading that offers 'labels or

2

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556

U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua

sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual

matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203,

210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir.

2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally

construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a

claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted)

(emphasis added).

B.  Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of

his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought against a
> judicial officer for an act or omission taken in such officer's
> judicial capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right

secured by the Constitution or laws of the United States, and second, that the alleged deprivation

3

was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

### A. State of New Jersey Treasury Department

Plaintiff lists the State of New Jersey Treasury Department as a defendant in the caption of his complaint. First, plaintiff's § 1983 claims against the State of New Jersey Treasury Department is improper as it is not a "person" under § 1983. *See Hussein v. New Jersey*, 403 F. App'x 712, 715 (3d Cir. 2010) (per curiam) (stating that State of New Jersey is not a person for § 1983 liabilty) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)).

Additionally, the Eleventh Amendment provides that, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." A suit by private parties seeking to impose liability which must be paid from public funds from the state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. *See Edlerman v. Jordan*, 415 U.S. 651, 653 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *See Pennhurst v. State Sch. & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not override a state's Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 343-45 (1979); *Hurst v. City of Rehoboth Beach*, 288 F. App'x 20, 24-25 (3d Cir. 2008) (per curiam) (citations omitted). Accordingly, the claims against the State of New Jersey Treasury

4

Department are also improper as this defendant is immune from suit for monetary damages. *Accord Alfred v. New Jersey*, No. 13-0332, 2013 WL 4675536, at \*9-10 (D.N.J. Aug. 29, 2013) (dismissing claims against State of New Jersey at screening stage based on Eleventh Amendment immunity); *Jones v. Cent. Reception & Assignment Facility*, No. 12-0041, 2013 WL 4588775, at \*3 (D.N.J. Aug. 27, 2013) (dismissing New Jersey Department of Corrections as a state entity or agency of the State of New Jersey at screening stage based on Eleventh Amendment immunity). The claims against the State of New Jersey Treasury Department will be dismissed with prejudice as any potential amendment to the claims against it would be futile for the reasons stated above.

B. Gloucester County Public Defenders Office

Plaintiff also appears to be raising an ineffective assistance of counsel claim against the Gloucester County Public Defenders Office. At the outset, the Court notes that the Gloucester County Public Defenders Office is not a "person" within the meaning of § 1983. *See Souels v. McGuigan*, No. 13-0935, 2013 WL 822267, at \*1 (D.N.J. Mar. 6, 2013) (dismissing Office of the Public Defender as it is not a person within the meaning of § 1983) (citations omitted); *Baker v. New Jersey*, No. 10-5790, 2012 WL 295162, at \*3 (D.N.J. Jan. 31, 2012) (dismissing Office of the Public Defender as a defendant as it is not a "person" for purposes of § 1983 liability) (citations omitted). Additionally, "[p]ublic defenders performing the traditional functions of representing an indigent criminal defendant do not act under color of state law and cannot be liable under § 1983." *See Clark v. Vernon*, 228 F. App'x 128, 131 (3d Cir. 2007) (per curiam) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)); *see also Cohen v. Valentin*, No. 11-1942, 1574308, at \*5 (D.N.J. May 3, 2012). As plaintiff has raised an ineffective assistance

5

claim against the Gloucester County Public Defenders Office, it too fails to state a claim as that entity would not have been acting under color of state law in its representation of plaintiff during his criminal proceedings. Accordingly, plaintiff's claims against the Gloucester County Public Defenders Office will be dismissed with prejudice for failure to state a claim upon which relief can be granted as any potential amendment against this defendant would be futile for the reasons stated above.

C. Gloucester County Prosecutors Office

Finally, plaintiff asserts a malicious prosecution and false imprisonment claim against the Gloucester County Prosecutors Office. To state a malicious prosecution claim, a plaintiff must state that:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (per curiam) (quoting *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003))). With respect to alleging a false imprisonment claim, "where an individual was arrested without probable cause, he 'has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest.'" *Simpson v. Owner of Dollar Tree Store*, No. 09-6162, 2010 WL 3364200, at *6 (E.D. Pa. 2010) (quoting *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) (citing *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988))).

6

At the outset, the Prosecutors Office is not a person amenable to suit under § 1983. *See Gordon v. Berkeley Twp. Police*, No. 10-5061, 2011 WL 2580473, at *4 (D.N.J. June 27, 2011) (holding that a "Prosecutor's Office" is not a "person" within the meaning of a Section 1983 suit) (citations omitted); *Baker v. Lewis*, No. 10-3438, 2010 WL 4117140, at *1 n. 1 (D.N.J. Oct. 19, 2010) (same) (citations omitted). Additionally, the Gloucester County Prosecutors Office is immune from suit under the Eleventh Amendment to the extent that it is an entity that could even potentially be sued under § 1983. Eleventh Amendment immunity "protects both states and state agencies 'as long as the state is the real party in interest.'" *Woodyard*, 514 F. App'x at 182 (quoting *Fitchik v. N.J. Transit Rail Operations*, 873 F.2d 655, 659 (3d Cir. 1989) (en banc)). In determining whether immunity applies, a court examines: "(1) the source of the money that would pay for the judgment; (2) the status of the entity under state law; and (3) the entity's degree of autonomy." *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 1978 (3d Cir. 2008) (citing *Fitchik*, 873 F.2d at 659). The United States Court of Appeals for the Third Circuit has noted that "'[w]hen [New Jersey] county prosecutors engage in classic law enforcement and investigative functions, they act as officers of the State." *Woodyard*, 514 F. App'x at 192 (quoting *Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir. 1996)). However, when county prosecutors perform tasks unreleated to their prosecutorial functions such as personnel decision, Eleventh Amendment immunity may not apply. *See id.* (citing *Coleman*, 87 F.3d at 1505); *Beightler v. Office of Essex Cnty. Prosecutor*, 342 F. App'x 829, 832 (3d Cir. 2009) (per curiam).

In this case, plaintiff alleges that the Gloucester County Prosecutor's Office is liable under § 1983 for its criminal prosecution against him. The Office's actions then are clearly

7

within the purview of its law enforcement functions. Therefore, plaintiff's claims against it are

barred by Eleventh Amendment immunity. *Accord Woodyard*, 514 F. App'x at 182 (finding

plaintiff's § 1983 claims against Essex County Prosecutor's Office barred by Eleventh

Amendment immunity where plaintiff alleged that Office violated his rights by arresting him and

detaining him maliciously and without probable cause); *Beightler*, 342 F. App'x at 832-33

(finding Essex County Prosecutor's Office immune from suit under the Eleventh Amendment

where Office was engaged in classic law enforcement function by charging plaintiff with

unlawful possession of a firearm).  Accordingly, the claims against the Gloucester County

Prosecutor's Office will be dismissed with prejudice as any potential amendment against this

defendant would be futile for the reasons stated above.

## V. CONCLUSION

The complaint will be dismissed for the foregoing reasons.  An appropriate order will be

entered.

DATED: *May 21, 2014*

ROBERT B. KUGLER
United States District Judge

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28
U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal
Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)
(per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*,
492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1));
*Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. §
1915A(b)).

8